# In the United States Court of Federal Claims

No. 19-442T
(Filed: September 5, 2019)

* * * * * * * * * * * * * * * * * * *

PRAKASH NARAYAN,

*Plaintiff,*

v.

THE UNITED STATES,

*Defendant.*

* * * * * * * * * * * * * * * * * * *

## ORDER

Plaintiff filed a complaint on March 18, 2019, alleging that the United States must pay him a $240 fee that he earned by preparing a tax return for a client in 2018. On July 16, 2019, defendant filed a motion to dismiss plaintiff's complaint. Plaintiff did not respond within the time permitted by the rules of this court nor within the extension permitted by the court; we thus consider this matter on the complaint, motion to dismiss, and exhibits attached to both. Oral argument is deemed unnecessary. Because this court lacks jurisdiction over plaintiff's claim for a tax return preparation fee, the complaint must be dismissed.

Plaintiff, Prakash Narayan, alleges that he prepared a tax return for a client, Serevi Bainivalu, in 2018. Mr. Bainivalu agreed to pay plaintiff's $240 fee out of his anticipated tax refund. Mr. Bainivalu's return included a 2017 Form 8888 that listed two bank accounts numbers for deposit, one belonging to Mr. Bainivalu and the other belonging to Mr. Narayan. Mot. to Dismiss Ex. 1.

The IRS determined that the United States owed Mr. Bainivalu a $5473 tax refund. The IRS initially split the refund as allocated on the Form 8888: $5233 to Mr. Bainivalu's account and $240 to Mr. Narayan's account. The IRS later cancelled the $240 refund check deposited in Mr. Narayan's

account; his bank returned the funds to the IRS. Mot. to Dismiss Ex. 2. The IRS issued the remainder of the refund plus interest, $242.17, to Mr. Bainivalu. *Id.* Plaintiff alleges that Mr. Bainivalu has not paid the preparation fee. Mr. Narayan seeks that $240 fee plus interest from the United States.

A plaintiff, even when proceeding *pro se*, must demonstrate that the court has jurisdiction over his claim. *Reynolds v. Army & Air Force Exchange Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3) of the Rules of the United States Court of Federal Claims. This court has jurisdiction under the Tucker Act to adjudicate claims for monetary relief against the United States. 28 U.S.C. § 1491(a)(1) (2018). To invoke our jurisdiction, plaintiff must assert a claim regarding some violation of a money-mandating law or contract provision. *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005).

Suits for a tax refund fall within this court's jurisdictional grant, and the proper party to maintain a tax refund claim is generally the taxpayer. This complaint, however, reveals on its face that it is a claim for a tax return preparation fee, not a refund. The taxpayer in question, Mr. Bainivalu, has not filed a claim relating to the amount of his tax refund.

Mr. Bainivalu apparently agreed to pay plaintiff out of Mr. Bainivalu's anticipated tax refund, but plaintiff is mistaken that the IRS is bound by his agreement with his client. The Form 8888 included with Mr. Bainivalu's return instructed filers:

> Account must be in your name. Don't request a deposit of your refund to an account that isn't in your name, such as your tax return preparer's account. Although you may owe your tax return preparer a fee for preparing your return, don't have any part of your refund deposited into the preparer's account to pay the fee.

IRS Form 8888, Allocation of Refund (Including Savings Bond Purchases), Office of Mgmt. & Budget No. 1545-0074 (2017) (emphasis omitted).

As Form 8888 demonstrates, the IRS must remit the tax refund to the taxpayer, not his tax return preparer. Generally, tax return preparers "may not endorse or otherwise negotiate any check (including directing or accepting payment by any means, electronic or otherwise, into an account owned or controlled by the practitioner . . .) issued to a client by the

government in respect of a Federal tax liability." 31 C.F.R. § 10.31 (2018); 26 U.S.C. § 6695(f) (2018); Treas. Reg. § 1.6695–1. Plaintiff has not alleged facts that suggest the IRS was legally directed to pay him a portion of his client's refund or that his client assigned a claim against the United States to plaintiff. Mr. Narayan has not identified another constitutional, statutory, regulatory, or contractual theory that would establish a right to be paid this fee by the United States. Mr. Narayan's dispute is with his client, not with the government, and thus his complaint must be dismissed.

Because we lack jurisdiction over plaintiff's claim for a tax return preparation fee, plaintiff's complaint is dismissed. The Clerk of Court is directed to enter judgment accordingly. No costs.

ERIC G. BRUGGINK
Senior Judge